ROBERT L. SHEPARD (#197240)
The Law Office of Robert Shepard
760 Market Street, Suite #706
San Francisco, California 94102-2307
(415) 951-8234 Voice
(415) 951-8233 Fax
sheplaw@yahoo.com

*Attorney for Plaintiff*
*Dr. Anna Vertkin*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dr. Anna Vertkin,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Michael Vertkin, and Does 1-20,<br><br>　　　　Defendants | Case No.: C 07 4471<br><br>**PLAINTIFF DR. ANNA VERTKIN'S OPPOSITION TO DEFENDANT MICHAEL VERTKIN'S MOTION TO DISMISS, LACK OF SUBJECT MATTER JURISDICTION AND RES JUDICATA, FAILURE TO STATE A CLAIM ON WHICH COURT CAN GRANT RELIEF FRCP RULE 12(B)(1), FRCP RULE 12(B)(6); POINTS & AUTHORITIES IN OPPOSITION; DECLARATION OF ROBERT L. SHEPARD IN OPPOSITION; PROPOSED ORDER**<br><br>Date Action Filed:　　August 29, 2007<br><br>MOTION DATE:　　November 16, 2007<br>TIME:　　10:00 am<br>LOCATION:　　17th Floor, Courtroom 1 |

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD AND THE COURT:

　　Plaintiff Dr. Anna Vertkin opposes Defendant Michael Vertkin's Motion to Dismiss for lack of subject matter jurisdiction and res judicata, Failure to state a claim on which courts can grant relief under FRCP Rule 12(b)(1), and FRCP Rule 12 (b)(6) on the grounds that there is in fact a valid claim arising under a federal statute, that these issues are a separate matter than the family court matter, and that all claims stated do in fact allow a court to grant relief.  Opposition

1 is based on the attached Points & Authorities, Declaration from Robert L. Shepard, the
2 pleadings, file and records in the above-entitled action and such oral and documentary evidence
3 as may be presented at the hearing on this motion.

Dated: October 19, 2007    _____
                                                        Robert L. Shepard, Attorney for Plaintiff
                                                        Dr. Anna Vertkin

ROBERT L. SHEPARD (#197240)
The Law Office of Robert Shepard
760 Market Street, Suite #706
San Francisco, California 94102-2307
(415) 951-8234 Voice
(415) 951-8233 Fax
sheplaw@yahoo.com

*Attorney for Plaintiff*
*Dr. Anna Vertkin*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dr. Anna Vertkin,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Michael Vertkin, and Does 1 to 20,<br><br>　　　　Defendants | Case No.: C 07 4471 SC<br><br>**PLAINTIFF DR. ANNA VERTKIN'S POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT MICHAEL VERTKIN'S MOTION TO DISMISS, LACK OF SUBJECT MATTER JURISDICTION AND RES JUDICATA, FAILURE TO STATE A CLAIM ON WHICH COURTS CAN GRANT RELIEF, FRCP RULE 12(b)(1), FRCP RULE 12(b)(6).**<br><br>Date Action Filed:　August 29, 2007<br><br>MOTION DATE:　November 16, 2007<br>TIME:　10:00 am<br>LOCATION:　17th Floor, Courtroom 1 |

**STATEMENT OF FACTS**

Defendant Michael Vertkin was properly served with a 9 page[1] verified Complaint for violations of 18 US Code Section §2511 (2 Counts), 18 US Code Section § 1001, 42 US Code 1301, Part C section §1177, California Business and Professional Code Section § 22947.2 (b)(1), Trespass to Chattel and Invasion of Privacy- Intrusion of solitude.

---

[1] The 9-page complaint also contained Case Management Conference information.

Plaintiff Dr. Anna Vertkin's Opposition to Defendant Michael Verkin's Motion to Dismiss, Points & Authorities in Opposition; Declaration of Robert L. Shepard in Opposition; Proposed Order - 3

1. Plaintiff Dr. Anna Vertkin, filed this complaint on August 29, 2007.

2. Defendant, Michael Vertkin filed a motion to dismiss on September 28, 2007, based on three theories, all of which are incorrect.

3. Plaintiff and Defendant are currently litigating an Dissolution of Marriage. Although some facts might be relevant to both litigations, the matter before this code is for the alleged violation of the U.S. Code, and is independent of the state court family law matter.

4. We disagree with Defendant's motion in its entirety, as argued below, and ask the court NOT TO GRANT this motion to dismiss.

## LEGAL ARGUMENTS

### I. Issues are not precluded under Res Judicata.

The complaint in the case at hand is pled properly. Each cause of action states a violation of either a Federal Code, or a California law. Each cause states a specific violation of a code, and how the Defendant has violated that code to the detriment of the plaintiff, Dr. Anna Vertkin.

It appears from Defendants motion that he is making the argument of *issue perclusion*. While the issues that are discussed in the statement of facts in the instant suit have some similarity to those that are being tried in the family law matter, they are separate and unique to this action based on the fact that violations of both Federal and State laws have occurred. This case, and whether of not the U.S. Code was violated, is not a family law state court matter. The statement of facts in the instant case are utilized to show a time line of events which are offered as proof of defendant violating various Federal and State Codes as listed throughout the complaint.

Issue perclusion would bar the relitigation of factual issues that have already been determined by a judge or jury. In Defendants own Motion to dismiss, (in the very first paragraph of his Points and authorities motion) he states that the family law case is still pending (see line 18-19, page 1 of Defendants Motion to Dismiss res judicata, lack of subject matter jurisdiction, failure to state a claim case c 07 4471-1). By definition, the case must be determined by a judge or jury to qualify it from being barred in other pending litigation. It is clear from defendants own language that this adjudication has not been met.

The defendants' argument is based, in essence, over a temporary restraining order (TRO). The original complaint filed by the plaintiff mentions the TRO as a way to show that defendant, Michael Vertkin, had been put on notice. The TRO was used to establish that defendant was not to remove/transfer or alter in any manner, any financial holdings with relation to Dr. Anna Vertkin. Despite the TRO, defendant proceeded to electronically transfer almost Seventy Thousand dollars ($70,000.00) from Dr. Vertkin's account to one he established solely in his name, without her permission. This act is a direct violation of <u>18 USC § 2511</u>, and <u>California Buisness and Professional Code §22947.2(b)(1)</u>.

The TRO issue raised by the plaintiff is moot. Additionally, the family law matter is in no way relevant to this matter, furthermore, the family law matter plaintiff rests his argument regarding res judicata upon is still pending. Regardless of the outcome of that matter, the statement of facts in the instant case are relevant for showing the occurences that led up to the various causes of actions in the original complaint for relief based on Federal and State Code violations.

Therefore, we ask the court to deny plaintiffs motion to set aside the complaint based on Res Judicata.

**II.     Claims for relief are stated in each cause of action and in the conclusion.**

Each of the seven causes of action listed in this complaint state the violation of Federal or State Code, how Mr. Vertkin violated the code in question, and what the result of that harmful action was. Each are plead with particularity, and ask for specific relief.

Defendant claims that no statements made in the statement of fact section of Plaintiffs original brief support the first listed Cause of Action in the complaint, violation of 18 USC §2511.

The specific language of 18 USC §2511 states that anyone who "intentionally intercepts….any wire, oral, or electronic communication" or "intentionally uses,….any electronic, mechanical or other device to intercept any oral communication when such device is affixed to, or otherwise transmits a signal through wire, cable or other like connection used in wire communication…"

Lines 10-12 in Plaintiffs original brief describe when and how a computer program called "spyware" was installed on the computer of Dr. Vertkin.  This program allows the user to capture all the keystrokes utilized during a session on a computer, without the person who is using the computer having any knowledge.  Plaintiff alleges that this program *allowed information to be received electronically* by Mr. Vertkin.

Lines 13 and 14, in the original brief describe how the intercepted information was used to cause injury to Dr. Vertkin.  These lines correlate specifically to the Second Cause of Action, a second violation of 18 USC §2511.  Lines 13 and 14 offer proof of how the information which was obtained via an illegally installed "spyware" program, was then used to open several lines of credit in the name of Dr. Vertkin, as well as transfer thousands of dollars from her brokerage account.

Defendant argues that the fourth Cause of Action does not state a claim for relief.  In fact, the cause as listed is for violating 42 USC 1301, Part C section §1177.  Specifically, line 14 of the statement of facts states that Mr. Vertkin changed the mailing address of Dr. Vertkin's private practice to be re-routed to his new address.

The Section of the 42 USC 1301 quoted states that a person " who knowingly and in violation of this part obtains *individually identifiable health information relating to an individual*.." (emphasis added).  Mail from a doctor's office undoubtedly contains information relative to individual patients.  Re-directing this mail without the knowledge or consent of the physician would be a direct violation of this Code.

The entirety of Defendants various arguments that no claim is made upon which relief can be granted, are invalid. Each claim raised is specifically supported by the statement of facts, each claim states where/how the defendant violated the Federal or State Code involved and finally, each claim asks for specific relief for the harm caused to Dr.Vertkin by the defendant. Therefore, we ask this court to rule against the motion to dismiss based on the failure to state claim upon which relief can be granted.

Even if defendant's arguments were in any way correct on this point, the proper remedy would be to demur and grant leave to amend. Defendant's motion however does not request this as a remedy.

### III. Federal Court is the proper jurisdiction for filing this complaint against Defendant.

Defendant argues that United States District Court is not the proper jurisdiction for the instant case. Under the powers granted by Article III, Section 2 of the Constitution of the United States, any case that arises out of a violation of a federal law is adjudicated in a federal court.

The Plaintiffs original brief contained four causes of actions, all in violation of specific sections of the US Code. Because a US Code violation was involved, Federal Court is proper jurisdiction. Further, both Defendant and Plaintiff reside in Marin County, California. Marin County is in the Northern District of the four Federal Courts of California, therefore, this is the proper court for the instant case to be heard.

The remaining three causes of action listed in Plaintiffs original complaint are also properly adjudicated in Federal Court. If a complaint sets forth a claim "arising under" federal law, the district court *may* (discretionary) adjudicate *state law claims* that are transactionally related to the federal claim. This includes claims both against original parties and any properly-joined new parties. [See 28 USC § 1367(a)].

The State Claims are all transactionally related to the federal claims in that each is an outcome of the action defendant took while violating the rights of Dr. Vertkin. As discussed in the original complaint, Mr. Vertkin violated California Business and Professional code by

installing unauthorized computer software on Dr. Vertkin's computer.  By using this information for his own personal gain, he also committed trespass to chattel and invasion of privacy-intrusion of seclusion.  These pendant claims can, and should, be heard in Federal Court based on their connection to the prior four Causes of Actions.

Defendant wrongly asserts that this matter is a family law matter.  This could not be further from the truth.  The issue is not a community property issue.  While Plaintiff acknowledges that there is a pending divorce matter in Marin County court, the case at hand is a **<u>separate matter</u>**. The instant case accuses Defendant of violating several *<u>Federal Laws.</u>*  Each one is punishable by delineated fines or jail time.  Federal Code violations should not be heard in family court.  As discussed above, the proper place for the issues that arise under federal law to be heard is Federal Court.

Therefore, Defendants assertion that Federal Court is the improper jurisdiction should be denied as invalid and improper.

## CONCLUSION

Plaintiff respectfully requests:

1. That this motion be denied.
2. That the Defendant be ordered to pay Plaintiff's reasonable attorneys fees and costs incurred in Opposition to this motion.
3. And any other relief the court deem just and proper.

ROBERT L. SHEPARD (#197240)
The Law Office of Robert Shepard
760 Market Street, Suite #706
San Francisco, California 94102-2307
(415) 951-8234 Voice
(415) 951-8233 Fax
sheplaw@yahoo.com

*Attorney for Plaintiff
Dr. Anna Vertkin*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dr. Anna Vertkin,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael Vertkin and Does 1-20,<br><br>    Defendants | Case No. C 07 4471 SC<br><br>**DECLARATION OF ROBERT L. SHEPARD IN SUPPORT OF OPPOSITION TO DEFENDANT MICHAEL VERTKIN'S MOTION TO DISMISS, LACK OF SUBJECT MATTER JURISDICTION AND RES JUDICATA, FAILURE TO STATE A CLAIM ON WHICH COURTS CAN GRANT RELIEF, FRCP RULE 12(B)(1), FRCP RULE 12(B)(6).**<br><br>Date Action Filed:   August 29, 2007<br><br>MOTION DATE:   November 16, 2007<br>TIME:   10:00 am<br>LOCATION:   17th Floor, Courtroom 1 |

I, Robert L. Shepard, do hereby declare:

1. I, Robert L. Shepard, am an attorney in good standing licensed to practice in the State of California, State Bar number 197240.

2. I, Robert L. Shepard, represent the plaintiff, Dr. Anna Vertkin.

3. Prior to filing this complaint, I was made aware of the pending family law dissolution of marriage action between Michael Vertkin, and my client Dr. Anna Vertkin.

1  Under penalty of perjury of the laws of the State of California, I Robert L. Shepard, declare

2  the above to be true and accurate to the best of my knowledge and belief.

6  Dated:                                              _____

                                                       Robert L. Shepard

ROBERT L. SHEPARD (#197240)
The Law Office of Robert Shepard
760 Market Street, Suite #706
San Francisco, California 94102-2307
(415) 951-8234 Voice
(415) 951-8233 Fax
sheplaw@yahoo.com

*Attorney for Plaintiff*
*Dr. Anna Vertkin*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dr. Anna Vertkin,<br><br>     Plaintiff,<br><br>vs.<br><br>Michael Vertkin, and Does 1 to 20,<br><br>     Defendants | Case No. C 07 4471 SC<br><br>**[PROPOSED] ORDER**<br><br>Date Action Filed:   August 29, 2007<br><br>MOTION DATE:   November 16, 2007<br>TIME:                        10:00 am<br>LOCATION:           17th Floor, Courtroom 1 |

The motion of Defendant Michael Vertkin to Dismiss in case number C 07 4471 SC came on regularly for hearing by the court on November 16, 2007 at 10:00 am in Courtroom 1, 17th Floor. Plaintiff Dr. Anna Vertkin appeared by counsel Robert L. Shepard. Defendant Michael Vertkin appeared in pro-per.

Having read the motion papers submitted by the parties, and having considered the pleadings, file and records in this action, along with the arguments of the parties by their attorneys:

IT IS HEREBY ORDERED that Defendant Michael Vertkin's Motion to Dismiss is denied. The Defendant is ordered to pay Plaintiff's reasonable attorneys fees and costs incurred in Opposition to this motion.

Dated: _____    _____
                           Judge of the United States District
                           Court of the Northern District of California