Michael Vertkin
1982 Sobre Vista Road
Sonoma, CA 95476
phone   415-203-1116
Fax       707-938-3844
hippobegemot@hughes.net

Michael Vertkin, Defendant, Pro se

United States District Court

Northern District of California

| | |
|---|---|
| Dr. Anna Vertkin,<br><br>    Plaintiff,<br><br>  vs.<br><br>Michael Vertkin, and Does 1-20.<br><br>   Defendants | ) Case No.: C 07 4471 SC<br>)<br>) DEFENDANT MICHAEL VERTKIN'S REPLY TO<br>) PLAINTIFF'S OPPOSITION TO MOTION TO<br>) DISMISS FOR LACK OF SUBJECT MATTER<br>) JURISDICTION, RES JUDICATA, FAILURE TO<br>) STATE A CLAIM ON WHICH COURT CAN GRANT<br>) RELIEVE; POINTS AND AUTHORITIES IN<br>) SUPPORT OF REPLY; PROPOSED ORDER<br>)<br>) Date action filed:  August 29,2007<br>)<br>) Motion date:  November 16,2007<br>) Time:    10:00 am<br>) Location:  17th Floor, Courtroom1 |

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD AND THE COURT

Defendant Michael Vertkin replies to Plaintiff Dr. Anna Vertkin Opposition to Motion to dismiss

for lack of subject matter jurisdiction, res judicata and Failure to state the claim on which Courts

can grant relieve under authority of FRCP Rule 12(b) (1) and FRCP Rule 12(b)(6).

Reply to the opposition to motion to dismiss contends that Plaintiff's opposition failed to prove

validity of the original complaint. Reply is based on attached Points and Authorities, Marin

County Superior Court records, judgments, orders , declarations , pleadings, file and records in

1    the above entered action, other oral and documentary evidence as in may be presented at the

2    hearings on the motion.

3

4    *Dated: October 29, 2007*

5                                                                    Respectfully submitted

6

7                                                    _____

8                                                    Michael Vertkin, defendant, *pro se*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Michael Vertkin
1982 Sobre Vista Road
Sonoma, CA 95476
phone   415-203-1116
Fax       707-938-3844
hippobegemot@hughes.net

Michael Vertkin, Defendant, Pro se

United States District Court

Northern District of California

| | |
|---|---|
| Dr. Anna Vertkin, | ) **Case No.: C 07 4471 SC** |
| | ) |
| Plaintiff, | ) **DEFENDANT MICHAEL VERTKIN'S REPLY TO** |
| | ) **PLAINTIFF'S OPPOSITION TO MOTION TO** |
| vs. | ) **DISMISS FOR LACK OF SUBJECT MATTER** |
| | ) **JURISDICTION, RES JUDICATA, FAILURE TO** |
| Michael Vertkin, and Does 1-20. | ) **STATE A CLAIM ON WHICH COURT CAN GRANT** |
| | ) **RELIEVE; POINTS AND AUTHORITIES IN** |
| Defendants | ) **SUPPORT OF REPLY; PROPOSED ORDER** |
| | ) |
| | ) Date action filed:      August 29,2007 |
| | ) |
| | ) Motion date:      November 16,2007 |
| | ) Time:                    10:00 am |
| | ) Location:              17th Floor, Courtroom1 |

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD AND THE COURT

Defendant Michael Vertkin replies to Plaintiff Dr. Anna Vertkin Opposition to Motion to dismiss

for lack of subject matter jurisdiction, res judicata and Failure to state the claim on which Courts

can grant relieve under authority of FRCP Rule 12(b) (1) and FRCP Rule 12(b)(6).

Reply to the opposition to motion to dismiss contends that Plaintiff's opposition failed to prove

validity of the original complaint. Reply is based on attached Points and Authorities, Marin

County Superior Court records, judgments, orders , declarations , pleadings, file and records in

1  the above entered action, other oral and documentary evidence as in may be presented at the

2  hearings on the motion.

3

4  *Dated: October 29, 2007*

5                                                                    Respectfully submitted

6

7                                              _____

8                                                              Michael Vertkin, defendant, *pro se*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Michael Vertkin
1982 Sobre Vista Road
Sonoma, CA 95476
phone 415-203-1116
Fax      707-938-3844
hippobegemot@hughes.net

Michael Vertkin, Defendant, *Pro se*

# United States District Court

# Northern District of California

Dr. Anna Vertkin,

        Plaintiff,

    vs.

Michael Vertkin, and Does 1-20.

        Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.: C 07 4471 SC**

**DEFENDANT MICHAEL VERTKIN'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION, RES JUDICATA, FAILURE TO STATE A CLAIM ON WHICH COURT CAN GRANT RELIEVE; POINTS AND AUTHORITIES IN SUPPORT OF REPLY; PROPOSED ORDER**

Date action filed:    August 29,2007

Motion date:    November 16,2007
Time:    10:00 am
Location:    17th Floor, Courtroom1

---

### REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS.

### Statement of Facts

    Defendant, Michael Vertkin filed motion to dismiss based on the principle of *Res Judicata*, failure to state the claim upon which court can grant relieve and lack of subject matter jurisdiction FRCP Rule 12(b)(1) , FRCP Rule 12(b)(6) .

1. Plaintiff Dr. Anna Vertkin filed instant complaint on August 29, 2007

2. Defendant Michael Vertkin filed a motion to dismiss on September 28, 2007

3.  Plaintiff Dr. Anna Vertkin filed opposition to motion to dismiss on October 22, 2007, with the arguments all of which are wrong on the facts and the law of the case.

4.  Plaintiff failed to note the same facts, as in instant complaint were already litigated on multiple occasions in Marin County Superior Court were adjudicated and dismissed, no facts were offered to support the causes of action in the complaint and no prove of jurisdiction was shown.

5.  Defendant found nothing in the Plaintiff's opposition to motion to dismiss justifying prolonging this litigation, found an opposition to motion to dismiss confusing the issues at hand more than the complaint itself and ask the court to DISMISS THIS COMPLAINT WITHOUT LEAVE TO AMEND.

## LEAGAL ARGUMENT

### I.  **Action is barred by Res Judicata**.

In her opposition to motion to dismiss Plaintiff agrees that the issues presented to this Court in Plaintiff's Complain for damages "have some similarity to those that are being tried in the family law matter" (Opposition to motion to dismiss page 4, line 21and 22). In fact, they are exactly the same, as in TRO filed in the Superior Court.

 The *res judicata* doctrine is the legal doctrine designed to preserve judicial resources, to promote finality and closure, and encourage reliance on adjudication by preventing inconsistent results in different court proceedings.

There four prerequisites for Res Judicata:
  a)  Final judgment in first action is entered
  b)  First judgment must be on merits
  c)  Parties are the same

d)  It applies to any claim that was brought or <u>could have been brought</u> arising out of the same transaction or occurrence.

All of those conditions are met in the litigating TRO, which was dismissed with prejudice and the final judgment, has been entered (exhibit A)

Plaintiff argues that since the Family Court case is still pending, the Plaintiff is within her rights to litigate the same facts with the different causes of action in District Court (opposition to Motion to dismiss, page 5, lines 8-7). Having no application to the instant case, this argument is invalid in itself, it advocates waste of judicial resources and could result in different results. Plaintiff claims that TRO is a part of the Family Case, still pending in Marin County Superior Court. This argument not only factually wrong, but shows Plaintiff's counsel ignorance of the divorce case proceedings, his sworn affidavit to the contrary notwithstanding. It was counsel duty to inquire into the divorce case, since it involves same litigants and, by own admission, similar facts.

TRO was filed by the Plaintiff in December, 2006, with the Marin County Superior Court, as a separate complaint. It was jointed with the Marriage Dissolution case in order to conserve judicial recourses, as would have been this complaint to District Court, should it have been filed in the *proper jurisdiction*. TRO was adjudicated on its own merits, and was dismissed *with prejudice* (exhibit A) It is true that the marriage dissolution case is still pending, but TRO (containing, among other things, the same facts as this complaint) is <u>not</u>. Plaintiff *herself* petitioned the court to dismiss it *with prejudice* and it was dismissed by the Court. Plaintiff had numerous options with the TRO, short of dismissal. It could have been amended, withdrawn or tried; she had full and fair opportunity to litigate. Plaintiff could have filed the same causes of action, as in instant case in Superior Court under the presumption of concurrent jurisdiction. Instead, she chose to petition the Family Court to dismiss TRO ***with prejudice***. Confronted with facts and evidence on her deposition, she

1  chose wisely, otherwise she would have to perjure herself in court again and face the

2  consequences.

3  To dismiss with prejudice means that each and every statement of fact in TRO could not be

4  raised again, as it is barred by *res judicata*.

6      "merely adding some facts, naming additional defendants or proposing a different

7      theory of recovery will not convert one cause of action into a second cause of

8      action if both actions involve the same liability-creating conduct"; *Walworth Co. v.*

8      *United Steelworkers of America, 443 F. Supp. 349, 351 (W.D. Pa. 1978);*

10     "[u]nder res judicata, a final judgment on the merits of an action precludes the

11     parties or their privies from relitigating issues that were or could have been raised

12     in that action"; *Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719*

12     *(1948)*

14     "when a court of competent jurisdiction has entered a final judgment on the merits

15     of a cause of action, the parties to the suit and their privies are thereafter bound

16     'not only as to every matter which was offered and received to sustain or defeat the

17     claim or demand, but as to any other admissible matter which might have been

17     offered for that purpose'"; *Cromwell v. County of Sac., 94 U.S. 351, 352 (1876).*

19     "If a plaintiff who has once dismissed an action in any court commences an action

20     based upon or including the same claim against the same defendant, the court may

21     make such order for the payment of costs of the action previously dismissed as it

22     may deem proper and may stay the proceedings in the action until the plaintiff has

22     complied with the order". *Fed. R. Civ. P. 41(d)*

24     In opposition to motion to dismiss Plaintiff uses bizarre argument that the TRO she

25  filed with Marin County Superior Court was filed for purposes other than obtaining

1    permanent restraining order and restricting Defendant's Civil Rights. Plaintiff states that

2    TRO was filed "as a way to show that defendant Michael Vertkin, had been put on notice

3    not to remove/transfer or alter in any manner, any financial holdings with relation to Dr.

4    Anna Vertkin" (plaintiff's opposition to Motion to dismiss page 5, line 8 - 14.)  This

5    argument is strange even on the face of it:

6         First, the TRO was filed in December of 2006; two and a half month *after* Plaintiff

7    alleges Defendant transferred money. It makes intended warning sort of late.

8         Second, falsely accusing Defendant in TRO, among other things, of starving family

9    dogs and threatening Plaintiff with the knife is hardly a proper way of putting Defendant

10   "on notice" not to transfer money from his own account.

11        Plaintiff and her counsel are confusing the TRO filing, with the standard restraining

12   orders issued at the beginning of the divorce proceeding to both parties. Standard restraining

13   order prohibits transferring and altering the family funds, with the noticeable exceptions,

14   such as for purposes or the necessities of life and attorneys fees. If Plaintiff felt that the

15   funds were improperly transferred by the Defendant, she had and still has plenty of

16   opportunity to raise the issue with the Family Court, which would be a *proper jurisdiction*

17   to do so.

18        And lastly, the Plaintiff's argument of money transfer by itself shows impossibility

19   for District Court to decide the controversy, without adjudicating issues pending in the

20   Family Court.  The account in question was a joint account and Defendant had every right to

21   it; some of the money in that account was Defendant's IRA (Individual Retirement

22   Account).  Moreover, even if it would have been in Plaintiff's sole name by California

23   Family Code it is still considered a community property to which Defendant has an equal

24   right. It will remain a community property until adjudicated different by the Family Court.

25   California law provides that,

"for purposes of division of the property upon dissolution of marriage or legal separation property acquired by the parties during marriage in joint form is presumed to be community property." <u>California Codes, Family Code, Section 2581</u>

Furthermore, if counsel for the Plaintiff made an inquiry in the Family law case, as he declares under penalty of perjury in attached affidavit to opposition to motion to dismiss (opposition to motion to dismiss page 9-10), he would find that dismissed TRO was not the *only* time Plaintiff raised in Family Court the same facts, as in complaint presented to this Court:

a)  In May of 2006, Plaintiff presented the same facts, as in this complaint, in Motion to take a sole possession of the equity line on the family residence. <u>Motion was denied.</u>

b)  In June, 2007 Plaintiff filed motion for a Protective order, where she again asserted the same facts as in this complaint. On June 22, 2007 Plaintiff's Protective order was <u>dismissed with prejudice</u> by the Family Court. Plaintiff was Ordered to pay sanctions for wasting Court's time, which, in defiance of the Court, she never did and still due and owning.

c)  Plaintiff made a numerous complaints to the Mill Valley police department, US Post Office and various financial institutions mirroring stated facts in this Complaint – all of them were found to be <u>without merit</u>.

Federal courts have held that the mere addition of facts and/or new theories of recovery will not create a new claim for *res judicata* purposes. See, e.g., Ley v. Boron Oil Co., 454 F. Supp. 448, 450 (W.D. Pa. 1978) ("plaintiff is not entitled to another day in court if he merely proposes a different theory of recovery based upon the same 'liability creating conduct' of the defendant which gave rise to the first action");

1    Plaintiff made it a habit to waste resources of the Court, police, financial institutions, US

2   Post Office and the Defendant (it cost Defendant over $50,000 to litigate dismissed TRO,

3   including six days of depositions). Now she brings the same resolve to the District Court.

4   *Res Judicata* doctrine is specifically designed to prevent such waist.

5   In summary, Plaintiff failed to make an argument this complaint is not precluded under *res*

6   *judicata* doctrine. Complaint should be dismissed, as it is barred under *res judicata*.

7

8    II.   **Plaintiff failed to state ultimate facts upon which relieve could be granted**.

9

10    In her opposition to the Motion to dismiss Plaintiff and her counsel fails to point to

11   the ultimate facts upon which relieve could be granted. In fact, Plaintiff's opposition to the

12   motion only adds more confusion to already incomprehensible complaint.

13    In her opposition to motion to dismiss Plaintiff states, that statement of facts offered

14   in the complaint "utilized to show time line of the events" (opposition to motion to dismiss

15   page 4, line25). Further in her opposition to motion to dismiss Plaintiff asserts that

16   statement of facts in the complaint show "the occurrences led up (emphasis added) to the

17   various causes of actions" (opposition to motion to dismiss page 5, lines 20-21) Even as a

18   time line it is factually wrong- there was no restraining order issued on September 20, 2006

19   against Mr. Vertkin, as paragraph 9 of original complaint asserts.  Statement of facts shall

20   state actions of the Defendant upon which Plaintiff relied to state causes of action in the

21   complaint, to support violations of named US Codes and Statues. Statement of fact shall

22   provide Defendant opportunity ether agree with the facts or deny them. None of it exists in

23   the instant complaint.

24   In opposition to the Motion to dismiss Plaintiff refers to *lines* 10 through 14 of the

25   Plaintiff's original complaint, as a proof that the case was properly stated (opposition to

motion to dismiss, page 6, lines 9, 14, 16,). Lines 10-14 in the plaintiff's original complaint

repeated nine times thought complaint and on each page of the complaint. It is unclear to

Defendant which of those lines are offered in support of the stated causes of action.

The only way to reply to that is to assume that by the lines Plaintiff meant paragraphs of the

original complaint. Reviewing original complaint and the opposition to Motion to dismiss

utilizing the above assumption:

*Paragraph 10*, of the original complaint states …"Mr. Vertkin installed "spyware" on home

computer, and broke into the office"

 *Paragraph 11*, of the original complaint states (paraphrasing) that Mr. Vertkin was seen in

the Plaintiffs office during September 2006.

 *Paragraph 12* asserts that "forensic computer technician reports that at one time there was

"keylogger" device installed on hardware of Dr. Vertkin computer". Based on those

ultimate facts Plaintiff concludes that the 18 USC § 2511 was violated (page 6, lines 4-13 of

the opposition to Motion to dismiss)

    18 USC § 2511 (1)(a) states "person who intentionally intercepts ,endeavors to

    intercept, or procures other person to intercept or endeavor to intercept, any wire, oral,

    or electronic communication…"

    18 USC § 2511 (1)(c), noted in header of Complaint for damages, states:" person who

    intentionally discloses, or endeavor to disclose, to any other person the contents of any

    wire, oral, or electronic communication…"

    18 USC § 2511 (1)(d) states " person who intentionally uses, or endeavor to use the

    contents of any wire, oral, or electronic communication…"

    None of the ultimate facts stated in the paragraphs 10-12 of the original complaint

allege that Defendant intercepted, disclosed or used wire oral or electronic communication.

Even if the allegation were true, none of above US Codes listed by the Plaintiff prohibits

1    installing "spyware" on home computer or prohibits Defendant to be seen in the Plaintiff's

2    office. As for paragraph 12, it does not have any allegations against the Defendant

3    whatsoever; it simply states condition of the Plaintiff's computer and describes devices

4    installed on it in the past. While it could be interesting historic data for the Plaintiff, it is

5    inappropriate to waste judicial recourses of the District Court to review it.

6         In her opposition to motion to dismiss Plaintiff alleges that "spyware" program installed

7    the past on her computer "allowed information to be received electronically" (opposition to

8    motion to dismiss page 6, line 12). That in Plaintiff's view shows that the Defendant

9    intercepted some kind of communication.  Ignoring the fact that there is no allegation in that

10   sentence, if one carries this logic to its sorry conclusion, all people who own a chainsaw

11   could be accused in chainsaw massacre, since owning chainsaw *allows* them to do that.

12   *Paragraph 13* states that "During September of 2006 the plaintiff alleges that Mr. Vertkin

13   remove in <u>excess</u> (emphasis added) of $70,000 from brokerage account with E-trade

14   (representing all of Dr. Vertkin's emergency funds), as well as opened several credit cards

15   in both of their names."

16   *Paragraph 14* states "Dr. Vertkin stopped receiving mail either at her home or at her

17   business address and alleges Mr. Vertkin changed her mailing address to have her mail

18   forward to his current residence, without consent."

19   The paragraph 13 does not say anything about intentional use of electronic communication;

20   in fact the account in question was a joint account and established with the community

21   equity line of credit, besides this argument was already heard in Family Court.

22   Paragraph 14 equally does Plaintiff no good; it has none of the fact having to do with

23   receiving *individual identifiable healthcare information.* In addition this "fact" in not

24   available to the Plaintiff, since TRO dismissed by the Superior Court *with prejudice*

25   contains the following statement by the Plaintiff:

"He (Defendant) has also had my U S. Mail diverted to him. It is imperative this be addressed immediately as he is receiving both my personal and business related mail."(Motion to dismiss Exhibit A, page 12)

That leaves all of the US Codes, Statutes and Causes of action listed in the complaint unsupported by ultimate facts.

It also leaves amount of controversy under federal statutes in the instant case less that $75,000, since only stated claim for recovery of $ 100,000 is under 42USC 1301c, §1177 (original complaint, page 8, line 19), with the supporting "fact" unavailable to the Plaintiff.

Even if all material factual allegations in the complaint are true, there is no possible inferences could be drawn for the existence of the <u>Causes of Action</u> asserted in the complaint. How these ultimate facts could be interpreted into a violation of the stated codes is a complete mystery to the Defendant. How could Defendant respond to the charges of violation of stated US Codes when he has no idea what is it that he allegedly did to violate them.

Courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *[Aulson v. Blanchard (1st Cir. 1996) 83 F3d 1, 3]*

The court need not accept as true conclusionary allegations or legal characterizations. Nor need it accept *unreasonable* inferences or unwarranted deductions of fact. *[In re Delorean Motor Co. (6th Cir. 1993) 991 F2d 1236, 1240;*

In her opposition to Motion to dismiss Plaintiff claims that the proper remedy for failure to state facts upon which relieve could be granted, is a leave to amend. That would be true under regular circumstances. Well- pleaded complaint with the few flaws in the statement of facts would deserve a second chance. Not this instant complaint. This complaint is incomprehensible, as to what it is that the Defendant did to cause stated Causes

of Action or violate named US Codes, it is beyond recovery and does not deserve resuscitation. Particularly, when viewed with the accompanied flaws of *res judicata* and lack of subject matter jurisdiction.

### III.   LACK OF JURISDICTION OVER SUBJECT MATTER

In Opposition to motion to dismiss Plaintiff presents argument that United States District Court is a proper jurisdiction in the instant case, sitting Article III, Section 2 of the Constitution of the United States (opposition to motion to dismiss page 7, lines 14-16). In very next paragraph of the same opposition Plaintiff offers that "both Defendant and Plaintiff reside in Marin County, California" (opposition to Motion to dismiss, page 7, line 19), as a proof that District Court is an only proper jurisdiction to bring an instant complaint. Notwithstanding the fact that the assertion is false in itself – Defendant does not reside in Marin County; both parties agree that the Plaintiff and the Defendant are citizens of State of California. This fact however, does not help Plaintiff to prove that the District Court has exclusive jurisdiction over instant case. On the contrary, it proves that there is no diversity of citizenship, which is one of prerequisites for an exclusive federal jurisdiction. Article III, § 2 of the Constitution of the United States gives federal courts jurisdiction over "controversies between citizens of different states", which in an instant case does not exist. See 28 USC §1332(a)(1)

Majority of issues which could be argued in Federal Court can be argued in State Court. There is a presumption that State Courts have concurrent jurisdiction over federal issues *unless* a particular issue is statutorily designated as "exclusive federal jurisdiction' by the act of Congress or Constitution of United States. None of this exists in the instant case.

All of the factual allegations in the instant case were raised in the ongoing case in Marin County Superior Court and on multiple occasions. All with the same results of dismissal and denial by the Superior Court. By bringing this instant case in front of District

Court Plaintiff is engaging in blatant attempt of forum manipulation. The central reality of this case is that relitigating again adjudicated issues by new court would lead to enormous waist of judicial recourses, as a year of proceedings, six days of depositions and all of the discovery will be thrown into the trash.

Defendant contends the instant case is filed in United Stats District Court for purpose of harassment, avoiding Marin County Superior Court, where it is a certainty that it would be jointed with the marriage dissolution case. Superior Court is well aware of the instant complaint facts and Plaintiff's tactics of delay to cause Defendant harassment and needless increase in costs. Forum shopping is not a proper way to claim a jurisdiction.

District Court cannot proceed with the determination of impropriety of the Defendant action until it is established that the computers in question (all of which were bought by the Defendant), bank accounts and the office was sole and independent property of the Plaintiff, otherwise defendant lacks capacity of being sued over legal programs installed on his own computers or transferring his own funds from one account to another. To do that would be incredible waist of the District Court recourses, in view that the matter is now pending in the Superior Court of State of California for the County of Marin Case No: FL 064242 over which it has *exclusive jurisdiction*. Besides it potentially could produce different results.

No controversy exists over Plaintiff and the Defendant being in dissolution of marriage litigation. The mater of property distribution is not resolved at this time. Therefore, extrinsic evidence exist that ownership of computers office and other property is *not* established. Where the Rule 12(b) (1) motion is based on extrinsic evidence, no presumptive truthfulness attaches to plaintiff's allegations over jurisdictional issues:

> "The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that

calls the court's jurisdiction into question." [*Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n (7th Cir. 1998) 149 F3d 679, 685;*

No evidence has been offered by the Plaintiff in the original complaint or in her opposition to motion to dismiss that proves that the instant complain deserves to be herd in District Court under federal jurisdiction,

> Plaintiff, however, bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002);
>
> "… plaintiff <u>must</u> furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. [*Savage v. Glendale Union High School (9th Cir. 2003) 343 F3d 1036, 1039, fn. 2]*

District Court must presume that it has *no jurisdiction* over the case until Plaintiff proves otherwise.

> Plaintiff always bears the burden of establishing subject matter jurisdiction. In effect, the court presumes lack of jurisdiction until plaintiff proves otherwise. [*Kokkonen v. Guardian Life Ins. Co. of America (1994) 511 US 375, 114 S.Ct. 1673, 1675;*

Plaintiff wrongly assumes that adding some unsupported causes of action under federal law provides a proper federal jurisdiction. The jurisdiction has to be proven with the preponderance of evidence and none was offered in the original complaint or an opposition to motion to dismiss. To try this case in District Court would defeat imperatives of efficiency, economy and finality.

## CONCLUSION

Plaintiff's opposition to motion to dismiss instead of clarifying the facts adds even more confusion to already incomprehensible pleading. Plaintiff is having trouble in telling the truth in simplest of facts such as Defendant's residency, comes up with bizarre explanation as to purpose of TRO filing and asserts that the *lack* of diversity is a prove of

1  propriety of Federal Court jurisdiction. Sadly, having to deal with same kind of approach to

2  litigation in marriage dissolution case for the last year, Defendant is not surprised.

3      Plaintiff's opposition to motion to dismiss fails to prove that this complaint is not

4  barred under *res judicata*, fails to prove propriety of District Court jurisdiction and fails

5  point relevant ultimate facts in the complaint upon which court can grant a relieve.

6      Defendant already spent almost $90,000 (three times what he made last year) in

7  Family Court litigations, much of it in arguing TRO, and various motions presented by the

8  Plaintiff, most of them with the same facts, as in instant complaint and <u>all</u> of them were

9  dismissed or denied by Superior Court. Now Plaintiff wants to reargue same adjudicated

10  facts in Federal Court. Thus, Plaintiff not only exhausted Defendant's funds and borrowing

11  power, but also subjects this Honorable Court ( and that has to be a "federal crime") to

12  inartful argument of the Defendant, who cannot afford an attorney to represent him in the

13  instant case

14      While it is true that there are different options to cure well- pleaded complaint with the

15  few flaws: leave to amend for failure to state the facts upon which court can grant relive,

16  remand to proper court for case filed in wrong jurisdiction and dismissal for *res judicata*.

17  The aggregate of the flaws makes this complaint unique candidate for the dismissal with

18  prejudice and a trash can. This complaint does not deserve a second chance in *any* Court.

19

20

21  WHEREFORE Defendant, Michael Vertkin, moves this Honorable Court:

22      1.  Enter an Order dismissing the complaint without leave to amend.

23      2.  Order Plaintiff to pay Defendant costs and  expenses to attend to this complaint,

24          motion to dismiss and reply

25

1      3.   Grant such other and further relief as Court may deem reasonable and just under the

2           circumstances.

3

4

5   *Dated: October 30, 2007*

6                                                        Respectfully submitted

7

8                                                   _____

9                                                        Michael Vertkin, defendant, *pro se*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Reply to Opposition to Motion to Dismiss Points and Authorities

## Table of Content

| | |
|---|---|
| Statement of Facts | 3 |
| Action is Bared by Res Judicata | 4 |
| Plaintiff fail to State Ultimate facts upon relive can be granted | 9 |
| Lack of Jurisdiction over the Subject Matter | 13 |
| Conclusion | 15 |

## Table of Authorities

| | |
|---|---|
| Walworth Co. v. United Steelworkers of America, 443 F. Supp. 349, 351 (W.D. Pa. 1978); | 6 |
| Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719 (1948) | 6 |
| Cromwell v. County of Sac., 94 U.S. 351, 352 (1876). | 6 |
| Ley v. Boron Oil Co., 454 F. Supp. 448, 450 (W.D. Pa. 1978) | 8 |
| Aulson v. Blanchard (1st Cir. 1996) 83 F3d 1, 3 | 12 |
| In re Delorean Motor Co. (6th Cir. 1993) 991 F2d 1236, 1240; | 12 |
| Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n (7th Cir. 1998) 149 F3d 679, 685; | 14 |
| Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n (7th Cir. 1998) 149 F3d 679, 685; | 15 |
| Savage v. Glendale Union High School (9th Cir. 2003) 343 F3d 1036, 1039, fn. 2] | 15 |
| Kokkonen v. Guardian Life Ins. Co. of America (1994) 511 US 375, 114 S.Ct. 1673, 1675; | 15 |

## Statutes and Rules

FRCP Rule 12(b)(1)                                               3

FRCP Rule 12(b)(6) .                                             3

Fed. R. Civ. P. 41(d)                                            6

18 USC § 2511 (1)(a)                                             10

18 USC § 2511 (1)(c),                                            10

18 USC § 2511 (1)(d)                                             10

42USC 1301c, §1177                                               12

28 USC §1332(a)(1)                                               13

Michael Vertkin
1982 Sobre Vista Road
Sonoma, CA 95476
Phone 415-203-1116
Fax      707-938-3844
hippobegemot@hughes.net

Defendant Michael Vertkin, Pro se

United States District Court

Northern District of California

| | |
|---|---|
| Dr. Anna Vertkin, | ) **Case No.: C 07 4471 SC** |
| | ) |
| Plaintiff, | ) **(Proposed) Order** |
| | ) |
| vs. | ) Date action filed:      August 29,2007 |
| | ) |
| Michael Vertkin, and Does 1-20. | ) Motion date:      November 16,2007 |
| | ) Time:          10:00 am |
| Defendants | ) Location:      17th Floor, Courtroom1 |
| | ) |
| | ) |

The Motion of the Defendant Michael Vertkin to Dismiss in the Case number C 07 4471 SC come

regularly on November 16, 2007 at 10:00 am in Courtroom 1, 17th Floor. Plaintiff Dr. Anna Vertkin appeared by

counsel Robert L. Shepard. Defendant Michael Vertkin appeared in pro per.

Having read this motion papers submitted by parties and having considered the pleadings, file and record in

this action, along with the arguments by parties and their attorneys:

IT IS HEREBY ORDERED that the Defendant's Michael Vertkin Motion to Dismiss is granted. The

complaint by the Plaintiff fielded in improper jurisdiction, it is barred by res judicata and failed to stare ultimate

facts upon which court can grant relive. The Plaintiff is ordered to pay Defendant's cost and expenses, attorneys

fees, if any and all of the costs incurred by the Defendant in this action.

1

2    Dated_____                    _____

3                                               Judge of Unites States District Court of the

4                                               Northern District of California

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# Reply to Opposition to Motion to Dismiss Points and Authorities

## Table of Content

Statement of Facts                                                    3

Action is Bared by Res Judicata                                       4

Plaintiff fail to State Ultimate facts upon relive can be granted     9

Lack of Jurisdiction over the Subject Matter                          13

Conclusion                                                            15

## Table of Authorities

Walworth Co. v. United Steelworkers of America, 443 F. Supp. 349, 351     6
(W.D. Pa. 1978);

Commissioner v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 719 (1948)       6

Cromwell v. County of Sac., 94 U.S. 351, 352 (1876).                      6

Ley v. Boron Oil Co., 454 F. Supp. 448, 450 (W.D. Pa. 1978)               8

Aulson v. Blanchard (1st Cir. 1996) 83 F3d 1, 3                           12

In re Delorean Motor Co. (6th Cir. 1993) 991 F2d 1236, 1240;             12

Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n (7th   14
Cir. 1998) 149 F3d 679, 685;

Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n (7th   15
Cir. 1998) 149 F3d 679, 685;

Savage v. Glendale Union High School (9th Cir. 2003) 343 F3d 1036, 1039, 15
fn. 2]

Kokkonen v. Guardian Life Ins. Co. of America (1994) 511 US 375, 114    15
S.Ct. 1673, 1675;

## Statutes and Rules

FRCP Rule 12(b)(1)                                          3

FRCP Rule 12(b)(6) .                                        3

Fed. R. Civ. P. 41(d)                                       6

18 USC § 2511 (1)(a)                                       10

18 USC § 2511 (1)(c),                                      10

18 USC § 2511 (1)(d)                                       10

42USC 1301c, §1177                                         12

28 USC §1332(a)(1)                                         13

1   Michael Vertkin
    1982 Sobre Vista Road
2   Sonoma, CA 95476
    Phone 415-203-1116
3   Fax      707-938-3844
    hippobegemot@hughes.net

4   Defendant Michael Vertkin, Pro se

5

6                          United States District Court

7                          Northern District of California

8

9   Dr. Anna Vertkin,                    )   **Case No.: C 07 4471 SC**
                                         )
10          Plaintiff,                    )   **(Proposed) Order**
                                         )
11       vs.                             )   Date action filed:      August 29,2007
                                         )
12   Michael Vertkin, and Does 1-20.      )   Motion date:          November 16,2007
                                         )   Time:                 10:00 am
13          Defendants                    )   Location:             17th Floor, Courtroom1
                                         )
14   _____)

15        The Motion of the Defendant Michael Vertkin to Dismiss in the Case number C 07 4471

16   SC come regularly on November 16, 2007 at 10:00 am in Courtroom 1, 17th Floor. Plaintiff Dr.

17   Anna Vertkin appeared by counsel Robert L. Shepard. Defendant Michael Vertkin appeared in

18   pro per.

19        Having read this motion papers submitted by parties and having considered the pleadings,

20   file and record in this action, along with the arguments by parties and their attorneys:

21        IT IS HEREBY ORDERED that the Defendant's Michael Vertkin Motion to Dismiss is

22   granted, without leave to amend. The complaint by the Plaintiff filed in improper jurisdiction, it

23   is barred by res judicata and failed to state ultimate facts on which court can grant relieve. The

24   Plaintiff is ordered to pay Defendant's cost and expenses, attorney's fees, if any and all of the

25   costs incurred by the Defendant in this action.

1

2

3

4     Dated_____                    _____

5                                                         Judge of Unites States District Court of the

6                                                         Northern District of California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25