Robert L. Shepard (Bar# 197240)
The Law Office of Robert L. Shepard
760 Market Street, Suite #706
San Francisco, California 94102-2307
Phone (415) 951-8234
Fax (415) 951-8233

Attorney for Plaintiff,
Dr. Anna Vertkin

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. ANNA VERTKIN<br><br>          Plaintiff,<br><br>v.<br><br>MICHAEL VERTKIN and DOES 1-20<br><br>          Defendants | CASE NO:   C 07-04471 SC<br><br>**PLAINTIFF'S CASE MANAGEMENT STATEMENT** |

     COMES NOW plaintiff, DR. ANNA VERTKIN, files the Case Management Statement required by Civil_L.R 16-9.

**JURISDICTION and SERVICE**

     The United States District Court, Northern District of California is the proper jurisdiction for the bringing of this claim pursuant to <u>18 U.S.C. §2511 sections (1)(a), and (1)(c), 18 US Code section 100, 42 US Code section 1301 Part C section 1177</u>.  In addition, the Court has pendant jurisdiction over the California Tort law claims of Trespass to Chattel and Invasion of Seclusion.

     The acts and omissions complained of occurred in Mill Valley in Marin County, both being located in the Northern District of California.  Therefore venue lies in this district in accordance with 28 U.S.C. §1391. Further, Plaintiff, Dr. Anna Vertkin is a citizen of the United States and currently resides in the town of Mill Valley and the County of Marin California.

Defendant Michael Vertkin is also a citizen of the United States, and currently resides in the city and county of Sonoma California.

At present there are no existing issues regarding jurisdiction or venue, nor to the best of our knowledge are there any parties that remain to be served.

**FACTS**

In September, 2006, Michael Vertkin filled a petition for dissolution of marriage after 30 years of marriage. As is common in most divorce proceedings, Mr. Vertkin was served with a TRO by the Marin County Superior Court directing that he was not to remove/transfer or otherwise alter any financial accounts held between himself and his wife Dr. Vertkin.

Dr. Vertkin alleges that Mr. Vertkin without her consent, installed a computer program that would track her key strokes (commonly referred to as 'spyware') on her home computer, and broke into her medical office and installed a similar tracking program on her work computer. The manager of the building where Dr. Vertkin's offices are located was notified by the cleaning staff that a male had been on premises after business hours. Specifically, the office manager was told that on several occasions during September 2006, a white male fitting the physical description of Mr. Vertkin had represented himself as an employee of the office, and informed the cleaning staff that he was there at night doing maintenance on the machines at Dr. Vertkin's office.

This allegation of a tracking device being installed on her computers has been substantiated by a forensic computer technician. In the technician's report, he states that at one time there was a "key-logger" device installed onto the hard drive of Dr. Vertkin's computer.

During September and October of 2006 the plaintiff alleges Mr. Vertkin removed in excess of sixty nine thousand dollars ($69,000.00) from a brokerage account with E*Trade (representing all of Dr. Vertkin's emergency funds), as well as opened several credit cards in both of their names. Plaintiff believes that Mr. Vertkin was able to access these accounts by utilizing password information that was obtained from the installation of the key logger devices on her computers. Additionally, Dr. Vertkin stopped receiving mail at either her home or

business address and alleges that Mr. Vertkin changed her mailing address to have her mail forwarded to his current residence, without her consent.

The principal factual issues in dispute are that the acts as outlined above are violations of several U.S and California Codes. The Plaintiff believes that these actions have caused her direct and proximate harm and is seeking relief and restitution.

**LEGAL ISSUES**

The Plaintiff alleges that the Defendant, Michael Vertkin has caused her harm by violating the following U.S Codes; 18 USC 2511 (A) and (C), 18 USC 1001, 42 USC 1301 PART C 1177. Additionally, Plaintiff Dr. Vertkin asserts that several infractions of both California Code, and California Common law were committed by the Defendant. These include California Business & Professional Code 22947.2(b) (1), Trespass to chattel, and Invasion of privacy-intrusion of seclusion.

**MOTIONS**

To date, the only motions filed have been the complaint, filed by counsel for the Plaintiff, and a motion to dismiss filed in pro-per by the Defendant. The motion to dismiss is currently pending. There is potential for further motions to be filed, but this will be determined upon the ruling of the Judge on the current motion to dismiss.

**AMENDMENT OF PLEADINGS**

The Plaintiff does not anticipate that any parties, claims or defenses will be added or dismissed, and therefore does not anticipate needing any proposed timeline for amending pleadings.

**EVIDENCE PRESERVATION**

Plaintiff, to the best of their knowledge believes that all necessary evidence has been properly copied and or preserved. Further, Plaintiff, to the best of their knowledge has not made any effort to erase e-mails, voicemails, or any other electronically recorded material.

**DISCLOSURES**

Plaintiff has been fully and timely in compliance with all the initial disclosure requirements of *FRCP 26*. Specifically, Plaintiff has met and conferred through counsel with the Defendant, and both parties have stipulated to participate in an ENE. Further, Plaintiff has filed the required Rule 26(f) report, and the initial disclosures report indicating that outside of the plaintiff and the defendant, four other potential witnesses may exist, and three potential pieces of evidence may be introduced.

**DISCOVERY**

To date no discovery has occurred. We anticipate that discovery will include, demand for production of documents, form and special interrogatories, and depositions for any potential witnesses with regards to this case. Other discovery may arise, and Plaintiff reserves the right to utilize and all discovery options as needed. Plaintiff does not anticipate any limitations or modification of the discovery rules. The court has set a date of December 7, 2007 for the Case Management Conference. Plaintiff does not foresee any problems with meeting any and all the elements of FRCP 26(f) report, and believes they can adhere to the plan as submitted.

**CLASS ACTIONS**

This is not a class action, and therefore there is no proposal for certification.

**RELATED CASES**

There is a pending family law issue pending in the Superior Court of Marin County.

**RELIEF**

The Plaintiff is seeking compensatory damages based on violations of 42 U.S.C. §1301C (1177), and 18 U.S.C. § 2511 A & C.  The cumulative value of these violations is $101,000.00. An additional fine for violating18 U.S.C §1001 will be decided by the jury.  Further, Plaintiff will be seeking special damages for future lost wages, due to the harm caused to her professional reputation stemming from these actions.  These special damages are to be determined by the jury.  Finally, the Plaintiff will be asking for punitive damages in the amount of three times the compensatory and special damages, as well as all costs associated with this suit including attorney's fees under both 42 U.S.C. §1988 and Cal. Code of Civil Procedure §1021.5; and such other relief as may be warranted.

**SETTLEMENT and ADR**

Parties are also involved in a very contentious dissolution of marriage.  The chance of this case settling seems less than likely. To date both parties have agreed to participate in Early Neutral Evaluation (ENE).  Defendant, representing himself in pro-per and counsel for the Plaintiff conferred via telephone.  Both parties agreed to this process.  Plaintiff then filed an ADR Certification by parties and counsel, as well as Stipulation and proposed order selecting ENE as the ADR process.   The court has appointed an ADR Case Administrator who has proposed a conference call date of December 5th, 2007 at 10:00 a.m. Plaintiff has contacted the Case Manager to affirm our availability.

**CONSENT to MAGISTRATE JUDGE FOR ALL PURPOSES**

The Plaintiff does not consent to having a magistrate judge conduct further proceedings. Plaintiff wishes to have a jury trial.

**OTHER REFERENCES**

This case is not appropriate at this point for type of binding arbitration, special master or Judicial Panel on Multidistrict Litigation.

**NARROWING of ISSUES**

At this point, the case has not matured enough to properly answer this question. The Defendant has not filed an answer to the original complaint, or any other meaningful response.

**EXPEDITED SCHEDULE**

No, Plaintiff does not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

**SCHEDULING**

The following times are estimated dates only;

Designation of experts — June 30, 2008

Discovery cutoff — April 30, 2008

Hearing of dispositive motions – September 30, 2008

Pretrial Conference and trial – November 30, 2008

**TRIAL**

Plaintiff estimates that a jury trial would last approximately two weeks.

**DISCLOSURE of NON-PARTY INTERESTED ENTITIES or PERSONS**

Plaintiff anticipates filing the "Certification of interested entities or persons" as required by Civil Local Rule 3-16. Plaintiff does not believe there are any parties, persons, entities etc. that have either a financial interest in the subject matter, or any other interest that may substantially affect the outcome of the proceeding.

**OTHER MATTERS**

There are no other matters that Plaintiff believes will facilitate the just, speedy and inexpensive disposition of this matter.

WHEREFORE, plaintiff files the above Case Management Statement pursuant to Civil Local Rule 16-9.

Dated: November 29, 2007

                                            Respectfully submitted,

                                            /s/ Robert L. Shepard 197240

                                            ROBERT L. SHEPARD
                                            Attorney for Plaintiff Dr. Anna Vertkin