Michael Vertkin
1982 Sobre Vista Road
Sonoma, CA 95476
phone 415-203-1116
Fax     707-938-3844

Michael Vertkin, Defendant, *Pro se*

United States District Court

Northern District of California

| | |
|---|---|
| Dr. Anna Vertkin,<br><br>  Plaintiff,<br><br>  vs.<br><br>Michael Vertkin, and Does 1-20.<br><br>  Defendants | Case No.: C 07 4471 Sc<br><br>**Defendant's Case Management Statement** |

# Defendant's Case Management Statement

Defendant was not able to obtain Plaintiff's Counsel collaboration in joint case management statement, therefore files the following case management statement, as required by Civil Local Rule 16-9.

### 1. Jurisdiction and Service

Plaintiff does not believe that the District Court is a proper Jurisdiction to file this complaint. Plaintiff filed Motion to dismiss based on lack of subject matter jurisdiction which is still pending. In order to establish basic facts of the complaint, decisions of the Marin County Superior Court are required to establish ownership of the computers, accounts and office, over which Superior Court has exclusive jurisdiction. Plaintiff and Defendant are the citizens of the

State of California; therefore no diversity of the Citizenship exists in the case. Plaintiff filed the Motions and petitions with the same "facts" in Marin County Superior Court all of which were dismissed and denied by the Court. Defendant maintains that the District Court is not a proper jurisdiction for instant case and will lead to enormous waist of judicial resources, since all of the controversies in the case were adjudicated by Marin County Superior Court and were dismissed. Filing this Case in District court constitutes forum shopping at its worst. Defendant view this Complaint as frivolous, an attempt by Dr. Vertkin to gain advantage in the divorce proceedings, presented for the purpose to harass, cause needless delay and increase in cost of litigation.

## 2. Facts

Plaintiff disputes the "facts" presented in the Complaint. Defendant awaits District Court ruling on Motion to Dismiss to file an answer to the complaint. Furthermore, Defendant maintains that the Plaintiff failed to state ultimate facts in the complaint to support Causes of Action.

Plaintiff and the Defendant were married for married for 30 years. Even if the "facts" alleged in the complain were true, all the computers, office and bank accounts were and are a community property to which both Plaintiff and Defendant has an equal rights. Since marriage dissolution was filed by the Defendant, Plaintiff used, by her own admission at the deposition under oath, at least $500,000 of community funds. Plaintiff continues to misappropriate community funds at this time. This matter is now pending in front of Marin County Superior Court, for which it is proper and exclusive jurisdiction.

## 3. Legal Issues

Defendant disputes all alleged ""facts" in the complaint. Defendant contends that all of the laws allegedly violated by the Defendant are predicated on invalid assumptions that the Defendant had no right to the account allegedly transferred, access to the Medical office which was and still is a community property, and installation of the keylogger on the computes which Defendant bought and presumed by California law to be a community property.

### 4. Motions

Defendant filed Motion to Dismiss due to lack of subject matter jurisdiction, res judicata and failure to state the claim upon court can grant relieve FRCP Rule 12(b) (1). FRCP Rule 12(b) (6). Motion is still pending in front of the District Court.

Defendant is planning to file the following motions, if complaint is not dismissed by the District Court.

a. Motion to dismiss for Failure to Join Party under FRCP Rule 19 and Rule 12(b) 7
b. Motion for sanctions under FRCP Rule 11.
c. Motion to extend time aviating final trail regarding dissolution of marriage.
d. Motion to remand Case to the Marin County Superior Court.
e. Motion to strike issues in this Complaint already adjudicated by Marin County Superior Court.
f. Motion for more definitive statement on the "facts" alleged in the complaint.
g. Motion to direct Plaintiff to pay for the Counsel for the Defendant, since Plaintiff retained most of the family Funds and Defendant is entitled for the community funds for the purposes of the Attorney fees.

h.  Motion to Join Blue Shield of California and United HealthCare Group as indispensable party, since some of the torts in this complaint are same as in law suit pending between Plaintiff and above companies.

Plaintiff reserves right to file other motions if presented with new facts and need arises.

### 5. Amendments of Pleadings

Defendant did not file answer to the complaint awaiting the decision by District Court on Motion to dismiss scheduled for hearing on November 16, 2007

### 6. Evidence Preservation

Defendant is not aware of any documents in his possession related to the case. Defendant request court to preserve the following documents and other evidence in the possession of the Plaintiff:

Defendant requests that all written communications, including e-mails between Plaintiff and Jim Goldberg (Plaintiff's boyfriend) regarding actions and conspiracy against Defendant to be preserved and submitted to the Defendant. Defendant request that all communications between Jim Goldberg and Defendant's banks and Defendants credit card companies to be preserved. Defendant demands that hard drive and files illegally removed by the Plaintiff on October 3, 2006 from the Defendant's home office to be preserved in unaltered condition and submitted to Defendant for his examination. Defendant demand that all copied files from the Defendant computer and sent to Dr. Vertkin and Jim Goldberg to be returned in unaltered conditions to Defendant.

### 7. Disclosures

Defendant has fully and timely in compliance with all of initial disclosures as required by FRCP 26. Both parties stipulated to participate in ENE. Defendant filed required Rule 26 (f) report indicating potential witness list and potential evidence which may be introduced.

## 8. Discovery

No discovery conducted to date. Defendant anticipates that discovery will include, demand for Admissions, demand for production of documents, form and special interrogatories, depositions of potential witnesses and experts in the case. Defendant reserve the right to use and utilize other and all discovery tools and options, as need may arise and as case develops. At this time Defendant does not anticipate modifications or limitation of the discovery rules pursuant to Fed. R. Civ. P. 26(f).

## 9. Class Action.

This is not a class action law suit.

## 10. Related Cases

There are two cases related to these proceedings.

a. Dissolution of marriage case between Plaintiff and the Defendant Case pending Marin County Superior Court case number FL 064242.

b. Civil Acton by the Plaintiff against Blue Shield of California and United Healthcare pending in Marin County Superior Court Case number CIV035101. The case is related because some of the causes of action in this complaint are similar to causes of actions by the Plaintiff in case CIV035101.

## 11. Relieve

Plaintiff submitted no basis or calculations for relieve. The alleged violation submitted under 42 U.S.C. 1301C (1177) is for disclosure of the patients health information. It is stated in Plaintiff's opposition to Motion to dismiss that above violation predicated on the allegation that the Defendant transferred Plaintiff's mail to his Sonoma address. Marin Superior Court already adjudicated on this issue and it was dismissed with prejudice. Therefore, calculated $100,000 is not available to the Plaintiff, besides $100,000 is the fine paid to the Court and not recoverable by the Plaintiff. This leaves total amount of controversy of $1000 an amount well below jurisdictional limits of the Federal District Court. If Plaintiff insists on recovery of that amount the case should be remanded to State Small Claims Court.

After District Court rules on the Motion to dismiss, Defendant if, necessary file answer to the complaint with the affirmative defenses and contra claims and at that time will ask Court for relive and calculate an amount.

### 12. Settlement and ADR

Defendant does not anticipate possibility of any settlement short of dismissal or withdrawal of the case by the Plaintiff. There no facts asserted in the complaint to which Defendant could possibly agree. However, following rules of this court Defendant agreed with the Plaintiff to submit to ADR filed with the Court. Both parties elected Early Neutral Evaluation (ENE) as the ADR process. The court has appointed an ADR Case Administrator who has proposed conference call date of December 5, 2007 at 10 a.m. Defendant has contacted the Case Manager and agreed with the above date and availability.

### 13. Consent to Magistrate Judge for All Purposes

Defendant does not object to the Magistrate Judge for All Purposes. Defendant demands Jury Trial.

### 14. Other References

At this time Defendant awaits decision by the District Court in response to Motion to dismiss for Lack of Subject Matter jurisdiction, Res Judicata and Failure to State claim on which court can grant relieve.

### 15. Narrowing of Issues

In order to conserve judicial resources Defendant proposes to remove, prior to commencing to discovery, all the issues already adjudicated by the Marin County Superior court.

### 16. Expedited Schedule

This case is not suitable for expedited scheduling , Defendant is not able to afford an attorney and needs time to study Court Rules, procedures and related statues and codes. Defendant works during week during regular business hours and on weekends to afford attorney in marriage dissolution case. Defendant proposes to delay discovery in the case, pending resolution of the related Marriage dissolution Case. Some of the issues in this case may be resolved yet again at that time, this will preserve District Court judicial recourses and prevent different outcome in two Courts. At this time Plaintiff uses misappropriated community funds to finance this law suit. Plaintiff is in the possession of almost all the family assets. Following marriage dissolution trail and upon equitable division of the community funds Defendant will be able to afford a counsel and properly prosecute this Case.

### 17. Scheduling

Plaintiff is on her 7th attorney of record in marriage dissolution Case. Based on experience in Plaintiff litigation practices of delay and avoidance Defendant proposes following estimated dates for the purpose of scheduling:

Designation of experts –         December 30, 2008
Discovery Cutoff –               May 20, 2009
Hearing on dispositive motions – August 20, 2009
Pretrial Conference and trail –  November 26, 2009

### 18. Trail

If Case is not dismissed Defendant anticipated this case to be tried by jury. Defendant has no experience in anticipating the length of trail but expect trail to last no longer that three weeks.

### 19. Disclosure of Non-party Interested Entities or Persons

Defendant anticipates to join the parries in this law suit, as filed in "Certification of interested entities and Persons" required by Civil Local Rule 3-16. Parties to be join in this law suit are Blue Shield of California and United HealthCare Group. The parties to be join for the reasons described in "Certification of interested entities and persons. Join of these entities may affect the outcome of the trail.

*Date: November 1, 2007*                        Respectfully submitted,

                                                */s/ Michael Vertkin*

                                                _____

                                                Michael Vertkin, defendant, *pro se*