UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Dr. ANNA VERTKIN, | ) | Case No. 07-4471 SC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING IN |
| v. | ) | PART AND DENYING IN |
| | ) | PART DEFENDANT'S |
| MICHAEL VERTKIN, and Does 1-20, | ) | <u>MOTION TO DISMISS</u> |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. **INTRODUCTION**

This matter comes before the Court on pro se Defendant Michael Vertkin's Motion to Dismiss ("Motion"). <u>See</u> Docket No. 3. Plaintiff Dr. Anna Vertkin filed an Opposition and Defendant submitted a Reply. <u>See</u> Docket Nos. 9, 11.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

## II. **BACKGROUND**

This action arises out of the ugly disintegration of a 30-year marriage. Through August 2006, Plaintiff and Defendant were married and residing in the same house in Mill Valley, California. Compl., Docket No. 1, ¶ 2. On September 20, 2006, a restraining order was issued by the Marin County Superior Court against Defendant, directing that he was not to remove, transfer, or

otherwise alter any financial accounts held between him and Plaintiff. Id. ¶ 9. On September 26, 2006, Defendant filed a petition for dissolution of marriage. Mot. ¶ 1. This petition is still pending in the Marin County Superior Court due to numerous motions, petitions and delays, none of which is relevant to the issue at hand. Id.

On August 29, 2007, Plaintiff filed the present Complaint in this Court. Plaintiff alleges that Defendant installed various types of tracking software on Plaintiff's computers and subsequently interfered with Plaintiff's email accounts. Compl. ¶¶ 10-14. Plaintiff raises seven causes of action: (1) intentional disclosure under 18 U.S.C. § 2511; (2) intentional use under 18 U.S.C. § 2511; (3) falsification of Plaintiff's mailing address under 18 U.S.C. § 1001; (4) obtaining individually identifiable health information under false pretenses, under 42 U.S.C. § 1320(d)(6);[1] (5) violations of California Business and Professions Code § 22947.2(b)(1); (6) trespass to chattel under California tort law; and (7) invasion of privacy and intrusion of solitude under California tort law. See Compl.

Defendant has moved to dismiss the Complaint for lack of subject matter jurisdiction, failure to state a claim and res

---

[1] Although Plaintiff pleads this cause of action as arising under "42 U.S.C. 1301, PART C § 1177," Compl. § 24, such a statute does not exist. However, Plaintiff also references the Health Insurance Portability and Accountability Act ("HIPAA") under this cause of action. HIPAA is Public Law 104-191 and contains Part C, Section 1177, which is titled "Wrongful disclosure of individually identifiable health information." Pub. L. 104-191, Part C, Sec. 1177. This section was codified as 42 U.S.C. § 1320d-6. The Court therefore interprets Plaintiff's fourth cause of action as alleging violations of 42 U.S.C. § 1320d-6, not § 1301.

2

1 judicata.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) states that a motion to dismiss may be granted if the plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). When evaluating a motion to dismiss, the court accepts the facts as stated by the nonmoving party and draws all inferences in its favor.  Everest & Jennings, Inc. v. Am. Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994).  In addition, courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them."  Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  At the pleading stage, the plaintiff "need only show that the facts alleged, if proved, would confer standing upon him."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

Several of Plaintiff's causes of action are brought under statutes that provide no private right of action and must therefore be dismissed.

Plaintiff's third cause of action alleges that Defendant violated 18 U.S.C. § 1001 by falsifying a change in Plaintiff's mailing address.  Section 1001 provides, in pertinent part:

> [W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the

>Government of the United States, knowingly and willfully -- (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; [or] (2) makes any materially false, fictitious, or fraudulent statement or representation . . . shall be fined under this title [or] imprisoned not more than 5 years . . . .

18 U.S.C. § 1001(a). Nowhere does the statute provide a private right of action. The few other courts to have addressed this issue have also failed to uncover a private right of action under this statute. See, e.g., Williams v. McCausland, 791 F. Supp. 992, 1001 (E.D.N.Y. 1992) (stating that "[n]o private right of action is provided under this statute"). Plaintiff's Third Cause of Action is therefore DISMISSED with prejudice.

Plaintiff's fourth cause of action alleges that Defendant violated Plaintiff's rights under 42 U.S.C. § 1320d-6 by "obtaining individually identifiable health information under false pretenses" of Plaintiff's patients. Compl. ¶ 28. Section 1320d-6 states, in relevant part:

>A person who knowingly . . . obtains individually identifiable health information relating to an individual . . . shall be . . . fined not more than $50,000, imprisoned not more than 1 year, or both . . . .

42 U.S.C. § 1320d-6. The Court discerns no private right of action under this statute. Other courts that have examined this issue have found the same. See, e.g., Johnson v. Quander, 370 F. Supp. 2d 79, (D.D.C. 2005) (finding no private right of action under § 1320d-6 and stating that "[w]hile only a handful of courts have examined whether a private right of action is implied under HIPAA, each court has rejected the position"); see also id.

4

1  (listing decisions by other courts finding no private right of
2  action).  Therefore, Plaintiff's Fourth Cause of Action is
3  DISMISSED with prejudice.

4      Plaintiff's First and Second Causes of Action are brought
5  under criminal statute 18 U.S.C. § 2511.  Although § 2511 itself
6  does not provide a private right of action, courts have found that
7  § 2520(a) "expressly allows private civil suits by any person
8  whose electronic communication is intercepted in violation" of §
9  2511.  DirectTV, Inc., v. Bennet, 470 F.3d 565, 567 (5th Cir.
10 2006); see also DirectTV, Inc. v. Nicholas, 403 F.3d 223 (4th Cir.
11 2005) (holding the same).  Accordingly, the Court has jurisdiction
12 over these causes of action and will therefore analyze them
13 pursuant to Defendant's Motion for failure to state a claim and
14 res judicata.

15     **B.**    **Failure To State A Claim**

16         **1.**    **First and Second Causes of Action**

17     Plaintiff's First and Second Causes of Action are brought
18 under 18 U.S.C. § 2511 and allege that Defendant used software to
19 track Plaintiff's keystrokes on her computer and then used the
20 information obtained from this software for various financial
21 gains.

22     Section 2511 states, in part:

> [A]ny person who . . . intentionally discloses . . . the contents of any . . . electronic communication, knowing or having reason to know that the information was obtained through the interception of a[n] . . . electronic communication in violation of this subsection . . . or intentionally uses . . . the contents of any . . . electronic

5

>     communication . . . shall be punished as
>     provided in subsection (4) or shall be
>     subject to suit . . . by the Federal
>     Government.

18 U.S.C. § 2511.

Plaintiff has satisfied the pleading requirements for these claims and Defendant's Motion to dismiss Plaintiff's First and Second Causes of Action for failure to state a claim is DENIED.

### 2. Fifth Cause of Action

Plaintiff's Fifth Cause of Action alleges violations of California Business and Professions Code section 22947.2(b)(1). Section 22947.2 states, in part:

>     A person or entity that is not an
>     authorized user . . . shall not,
>     with actual knowledge, . . . cause
>     computer software to be copied onto
>     the computer of a consumer . . . and
>     use the software to do any of the
>     following: . . . (b) Collect,
>     through intentionally deceptive
>     means, personally identifiable
>     information that meets any of the
>     following criteria: (1) It is
>     collected through the use of a
>     keystroke-logging function that
>     records all keystrokes made by an
>     authorized user who uses the
>     computer and transfers that
>     information from the computer to
>     another person.

Cal. Bus. and Profs. Code § 22947.2(b)(1).

Plaintiff alleges that Defendant installed 'keystroke' software on the home and office computers of Plaintiff and obtained Plaintiff's personal financial information from this software. Plaintiff, therefore, has alleged a cause of action and Defendant's Motion to Dismiss the Fifth Cause of Action is DENIED.

///

///

6

### 3. Sixth Cause of Action

Plaintiff's Sixth Cause of Action is a California tort law claim for trespass to chattel. Plaintiff alleges that by installing computer programs onto Plaintiff's computer in order to obtain personal information, Defendant intermeddled with Plaintiff's property. "Short of dispossession, personal injury, or physical damage . . ., intermeddling is actionable [as trespass to chattels] only if the chattel is impaired as to its condition, quality, or value, or the possessor is deprived of the use of the chattel for a substantial time. Intel Corp. v. Hamidi, 30 Cal. 4th 1342, 1357 (2003) (internal quotations marks omitted).

In the present case, Plaintiff's allegations fall short of what is required to state a colorable trespass to chattels claim. The only harm alleged by Plaintiff was a result of the information that Defendant allegedly procured from Plaintiff's computers. Plaintiff has failed to allege that her computers were impaired as to their condition or quality or that she was unable to use these computers for a substantial period of time. Accordingly, Plaintiff's Sixth Cause of Action for trespass to chattel is DISMISSED with prejudice.

### 4. Seventh Cause of Action

Plaintiff's Seventh Cause of Action is for invasion of privacy and intrusion of solitude under California tort law. Specifically, Plaintiff alleges that Defendant's installation of software on Plaintiff's computers with the intent of obtaining information from these computers was an offensive invasion and therefore actionable as a tort.

7

Intrusion into solitude or seclusion requires allegations that "one intentionally . . . intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person." Taus v. Loftus, 40 Cal. 4th 683, 724 (2007) (internal quotation marks omitted). The action for intrusion has two elements: "(1) intrusion into a private place, conversation or matter, (2) in a manner highly offensive to a reasonable person." Id. (internal quotation marks omitted). A plaintiff must demonstrate that "the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff." Id. at 725. Plaintiff has sufficiently alleged this cause of action and Defendant's Motion to Dismiss the Seventh Cause of Action is DENIED.

### C. Res Judicata

"In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same claim as the later suit, (2) have reached the final judgment on the merits, and (3) involve the same parties or their privies." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 1993). Defendant bases his Motion to Dismiss for res judicata on the dismissal, by the Marin County Superior Court, of the temporary restraining order that had been imposed against Defendant. Such an action, however, is not a final judgment on the merits and, as far as this Court can tell, did not involve the same claims presented here. Therefore, Defendant's Motion to Dismiss for res judicata is DENIED.

8

**V. CONCLUSION**

For the reasons discussed herein, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss and DISMISSES Plaintiff's Third, Fourth and Sixth Causes of Action with prejudice.[2]


IT IS SO ORDERED.


Dated: December 6, 2007

UNITED STATES DISTRICT JUDGE

---

[2] It is the Court's understanding that the divorce proceedings between Plaintiff and Defendant are still pending in Marin County Superior Court, more than one year after they were initiated. It is also the Court's understanding that these proceedings are, at best, less than cordial. With this backdrop, the Court reminds the parties that representations to the Court, including pleadings and motions, may not be made for any improper purpose, including harassment, unnecessary delay, or needless increase in the cost of litigation. See Fed. R. Civ. P. 11.